**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 14-0191 (RC) |
| | : | |
| MATTHEW NORI, | : | Re Document Nos.: 35, 42 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE; DENYING DEFENDANT'S MOTION FOR TRANSCRIPTS

### I. INTRODUCTION

Defendant Matthew James Nori pleaded guilty to travel with intent to engage in illicit sexual conduct pursuant to 18 U.S.C. § 2423(b) and is currently serving a 60-month sentence of imprisonment. Mr. Nori now requests that this Court reduce his sentence. Because Mr. Nori's request is only cognizable under 18 U.S.C. § 3582(c), but does not qualify for any of the possible grounds of relief under that section, the Court denies Mr. Nori's motion.

### II. BACKGROUND

The Court only briefly discusses the facts underlying Mr. Nori's sentence.[1] During several days in 2014, Mr. Nori engaged in sexually explicit electronic communication with an undercover police detective (UC). *See generally* Statement of Offense, ECF No. 17. These

---

[1] Interested readers may refer to the Statement of Offense, ECF No. 17. In addition to the publically available Statement of Offense, a sealed addendum to the statement of offense is also in the docket at ECF No. 21. The Court incorporates the description of conduct from the sealed statement of offense by reference but declines to describe that conduct in detail in this opinion.
  For clarity, the Court notes that all of the documents it cites are located in the criminal docket at 14-cr-0191. A civil docket for this matter also exists at 16-cv-2137, and the two items in the civil docket are identical to ECF Nos. 35 and 42 in the criminal docket.

communications culminated in a plan for Mr. Nori to travel into the District in order to engage in sex acts with the UC's fictitious eight-year-old daughter. *See generally* Statement of Offense. The electronic communications included texts and emails, and contained graphic descriptions of sex acts with children. *See generally* Statement of Offense. Mr. Nori received images purporting to be pictures of the UC's fictitious daughter, Statement of Offense at 3–4, 6, and sent the UC images, including sexually explicit ones, Statement of Offense at 4. Mr. Nori and the UC discussed the sex acts they planned to perform with the UC's purported daughter, and arranged a time and location to meet. Statement of Offense at 5–8. At the appointed time, Mr. Nori arrived at the rendezvous and was arrested. Statement of Offense at 8. Mr. Nori had a small stuffed animal in a pink gift bag with him that he planned to give to the UC's purported daughter. Statement of Offense at 8–9.

After his arrest, Mr. Nori pleaded guilty to travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). *See generally* Plea Agreement, ECF No. 16. Mr. Nori's offense level was 33, leading to a Guidelines range of 135 to 168 months of imprisonment. Presentencing Investigation Report at 3–4, ECF No. 24. The government sought 66 months of imprisonment and 120 months of supervised release. *See generally* Gov.'s Memo Aid Sentencing, ECF No. 26. Mr. Nori sought a sentence of time served followed by supervised release. *See generally* Mr. Nori's Mem. Aid Sentencing, ECF No. 28. This Court sentenced Mr. Nori to 60 months of imprisonment and 120 months of supervised release. Judgment, ECF No. 31.

Mr. Nori, now *pro se*, seeks the reduction of that sentence. *See generally Pro Se* Mot. Reduce Sentence (Def.'s Mot.), ECF No. 35; Supplement (Def.'s Suppl.), ECF No. 35-1.[2] Mr.

---

[2] ECF No. 33 repeats the document docketed at ECF No. 35-1. The Court cites exclusively to ECF No. 35-1 for clarity. In addition to these two motions, the Court has also considered the letters from Mr. Nori's family—some of which are styled as motions—available

Nori raises several arguments. First, Mr. Nori argues that his sentence is disparately harsh when compared to the sentence of 33 months imprisonment received by the defendant in a different case, which Mr. Nori asserts is substantially similar to his case.[3] Def.'s Mot. Second, Mr. Nori contends that his sentence is too long because he is not dangerous to the public and supports this by reference to (1) his "character," (2) the opinion of the pre-trial services officer who evaluated him for pre-trial detention, (3) his psychological review, (4) the pre-sentence report, (5) the opinion of the probation officer who researched the pre-sentence report, and (6) the prosecutor's statement at the sentencing hearing that he was "not a predator." Def.'s Suppl. at 1. Third, Mr. Nori argues that the prosecutor committed misconduct by adding an unfounded eight point enhancement to calculate his offense level (thus increasing the Guidelines range) after Mr. Nori and the prosecutor had already reached a different agreement, in retaliation for Mr. Nori retention of new counsel.[4] Def.'s Suppl. at 1. Fourth, Mr. Nori argues that the Court relied on Mr. Nori's protected speech, as described in the sealed addendum to the statement of offense, *see* ECF No. 21, to sentence him in violation of his First Amendment rights. Def.'s Suppl. at 2. In addition to requesting a reduction of his sentence, Mr. Nori also seeks several other forms of relief.

The government opposes Mr. Nori's motion. U.S.'s Consolidated Opp'n Def.'s *Pro Se* Motion (Opp'n), ECF No. 44. The matter is now ripe for resolution by this Court.

---

in the docket at ECF No. 34, ECF No. 36, ECF No. 38, and ECF No. 45, and the letter from Mr. Nori available in the docket at ECF No. 47. The Court does not separately address these documents except where they differ from the arguments in Mr. Nori's motions.

[3] Mr. Nori identifies the case as *United States v. Gutierrez*, 14-mj-546-JMF. Def.'s Mot. at 1. That case number refers to the proceedings before Magistrate Judge Facciola. The Court notes that the majority of the relevant record in *United States v. Gutierrez* appears at 14-cr-194, before Judge Boasberg.

[4] Mr. Nori claims that an earlier, more favorable plea offer existed but that he was unable to obtain it from the prosecutor. Def.'s Suppl. at 1.

## III. ANALYSIS

Mr. Nori's filings request various forms of relief, including a reduction in his sentence, an evidentiary hearing, the removal of his public safety factor, and access to and discovery of documents. The Court addresses each in turn.

### A. Request for Reduction of Sentence

Mr. Nori seeks the reduction of his sentence.[5] The government argues that Mr. Nori cannot meet any of the narrow grounds for modification of a sentence of imprisonment, and this Court agrees.

As a threshold matter, because a court may only modify a sentence with specific statutory authorization, the Court must determine which statutory framework controls Mr. Nori's motion for relief. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) ("[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances."); *United States v. Zaia*, 751 F. Supp. 2d 132, 134 (D.D.C. 2010) ("Federal courts do not have inherent authority to modify a sentence, but may when authorized by statute."). Mr. Nori's initial briefing styled itself as a motion pursuant to 28 U.S.C. § 2255.[6] Def.'s Suppl. at 1. The government argued that the Court should construe Mr.

---

[5] Various filings request slightly different reductions in Mr. Nori's sentence. For example, Mr. Nori initially requested that the Court "make [his] sentence the same as in the other case" where the other defendant was purportedly sentenced to 33 months of imprisonment and five years of supervised release. Def.'s Mot. at 1, ECF No. 35. In later briefing, Mr. Nori requested that he be "remanded to home detention for the remainder of [his] sentence," Def.'s Suppl. at 2, ECF No. 35-1, that his sentence be reduced to 42 months of imprisonment and 75 months of supervision, Def.'s Reply at 4–5, ECF No. 46, and that his sentence be reduced to 34 months of imprisonment, *see generally* Letter from Matthew Nori (Feb. 27, 2017), ECF No. 47. Because the Court concludes, as discussed below, that no reduction in Mr. Nori's sentence is appropriate, it need not select any of these options.

[6] 28 U.S.C. § 2255 permits "[a] prisoner in custody under sentence of the court" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" if that

Nori's motion in accordance with 18 U.S.C. § 3582(c) instead. Opp'n at 1 n.1. In his reply, Mr. Nori states that he "does not contest, and in fact supports" the government's request "that his motion be construed" pursuant to 18 U.S.C. § 3582(c). Def.'s Reply at 1. Because the parties agree, the Court considers Mr. Nori's motion as a motion pursuant to 18 U.S.C. 3582(c).[7]

18 U.S.C. § 3582(c) permits a court to modify a sentence of imprisonment only in one of three circumstances: (1) the Director of the Bureau of Prisons seeks a reduction, *see* § 3582(c)(1)(A); (2) Federal Rule of Criminal Procedure 35 or another statute permits the modification, *see* § 3582(c)(1)(B); or (3) the Sentencing Commission subsequently lowers the sentencing range under which the defendant was sentenced, *see* § 3582(c)(2). *See generally* 18 U.S.C. § 3582(c); *cf. United States v. Jones*, 83 F. Supp. 3d 145, 147 (D.D.C. 2015) ("District courts may modify sentences only in limited circumstances."). With this framework in mind, the Court considers Mr. Nori's motion.

None of the three permissible grounds which would permit this Court to reduce Mr. Nori's sentence exist here. First, the Director of the BOP has not sought a reduction, and § 3582(c)(1)(A) therefore does not apply. Second, the Sentencing Commission has not lowered the sentencing range which was applied to Mr. Nori, and § 3582(c)(2) therefore does not apply.

---

"sentence was imposed in violation of the Constitution or laws of the United States" or if the court was "without jurisdiction to impose such sentence." 28 U.S.C. § 2255.

[7] Furthermore, the Court notes that Mr. Nori's plea agreement bars him from pursuing a § 2255 motion for relief. *See* Plea Agreement at 7, ECF No. 16 ("Your client . . . waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 . . . except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel in entering into this Agreement or in connection with sentencing."). Here, Mr. Nori does not allege the availability of newly discovered evidence (a subsequent comparator sentence is not new evidence) or ineffective assistance of counsel in entering into the plea agreement.

Finally, pursuant to § 3582(c)(1)(B), because Mr. Nori does not identify any alternative statute the Court considers only whether Federal Rule of Criminal Procedure 35 allows the requested modification.

Federal Rule of Criminal Procedure 35 permits modification of a sentence of incarceration to reward a defendant who has provided "substantial assistance" to the government or, within 14 days of sentencing to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Pro. 35. Mr. Nori does not meet any of these requirements. He has not provided substantial assistance to the government (and does not assert that he has). Additionally, Mr. Nori did not file his motion within 14 days of sentencing,[8] nor does he identify an arithmetical, technical, or clear error.[9] The Court therefore may not modify Mr. Nori's sentence under § 3582(c)(1)(B).

Despite the lack of any statutory support for his requested sentence reduction, Mr. Nori advances several arguments in favor of that relief. But each of his arguments shares the same flaw—all fail to engage with the three permissible statutory grounds for reducing a sentence under § 3582. In the absence of specific statutory authorization, this Court is powerless to reduce

---

[8] Mr. Nori argues at length that his motions were filed within one year of sentencing. *See* Def.'s Reply at 4. Because that question is immaterial to this Court's conclusion, the Court does not address this argument. The earliest date asserted by Mr. Nori for filing his motion is December of 2015, Def.'s Reply at 4, which is clearly outside the 14-day-window required by Rule 35. *See* Judgment, ECF No. 31 (sentenced January 2015).

[9] Mr. Nori makes a passing reference to his belief that the Guidelines range used by the Court to sentence him was "inaccura[te]" because it included an "eight point enhancement" that the government wrongfully added, but does not elaborate on this theory or explain why the government's alleged modification of the plea agreement constituted "misconduct." Def.'s Suppl. The Court notes that Mr. Nori agreed at his plea hearing that the operative plea agreement represented his "entire understanding" with the government and there were no side agreements, Plea Transcript 21–22, ECF No. 44-5, Ex. E, and that Mr. Nori's sentencing memorandum did not challenge any eight point enhancement, *see generally* Mr. Nori's Mem. Aid Sentencing, ECF No. 28.

Mr. Nori's sentence, and must therefore deny Mr. Nori's motion. *See, e.g.*, *United States v. Butler*, 130 F. Supp. 3d 317, 319–20 (D.D.C. 2015) ("Federal courts normally do not have the authority to modify a sentence once it has been imposed; however, this general rule is subject to a few narrow exceptions."); *United States v. Ali*, 908 F. Supp. 2d 160, 162 (D.D.C. 2012) ("Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35." (citing § 3582(c)(2))); *United States v. Zaia*, 751 F. Supp. 2d 132, 134 (D.D.C. 2010) ("Federal Courts do not have inherent authority to modify a sentence . . . .").

First, Mr. Nori argues that § 3582 "actually places the full responsibility of a decision to reduce a . . . sentence squarely inside the jurisdiction of this Honorable Court." Def.'s Reply at 2, ECF No. 46; *see also* Def.'s Reply at 1 (arguing that § 3582 "in fact gives plain and clear jurisdiction to this court to modify a term of imprisonment in a case such as [this one]," when viewed in its entirety). As discussed above, that is not accurate. Mr. Nori's argument is based on a reading of § 3582(c)(2) that ignores the threshold requirement of a change in the applicable guidelines range. The entire provision reads:

> in the case of a defendant *who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)*, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2) (emphasis added). The section thus permits relief ("upon motion of the Defendant . . . or on its own motion") *only* when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* This interpretation is the view of the Supreme Court and of courts in this

jurisdiction. *See, e.g.*, *Freeman v. United States*, 564 U.S. 522, 542 (2011) ("In order to conclude that [the defendant] is eligible for sentence reduction under § 3582(c)(2), the plea agreement between [the defendant] and the Government must use a Guidelines sentencing range that has subsequently been lowered by the Sentencing Commission . . ."); *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o )' and made retroactive pursuant to § 994(u)."); *United States v. Berry*, 618 F.3d 13, 16 (D.C. Cir. 2010) ("A defendant must meet two requirements to be eligible for a sentence reduction under § 3582(c)(2). First, the defendant must have been sentenced 'based on a sentencing range that has subsequently been lowered.'" (quoting 18 U.S.C. § 3582(c)(2))). Contrary to Mr. Nori's assertion, this Court lacks jurisdiction to reduce Mr. Nori's sentence under § 3582(c)(2) because the guidelines applied to Mr. Nori have not changed.

Second, Mr. Nori argues that his sentence was not properly based on the factors for sentencing described in 18 U.S.C. § 3553. *See* Def.'s Mot. at 1, ECF No. 35; Def.'s Reply at 3–4. In particular, he focuses on § 3553(a)(6), which directs courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[10] *See* Def.'s Suppl. at 2, ECF No. 35-1. Even assuming, *arguendo*, that Mr. Nori's case and the comparator case he identifies are similar,[11] § 3553(a)(6) is "only one

---

[10] Mr. Nori compares his situation to that of the defendant in *United States v. Gutierrez*, who Mr. Nori asserts received a more lenient sentence subsequent to Mr. Nori's sentencing. *See* Def.'s Reply at 2–4.

[11] This Court doubts that Mr. Nori's conduct and that of the other defendant are truly comparators, although it need not resolve that question. But, as the government notes, Mr. Nori—unlike his alleged comparator—received the sentencing enhancement for using a

8

of the several factors that must be weighed and balanced by the . . . judge" and there is no "requirement that the factor be given determinative or dispositive weight." *United States v. Colwell*, 304 Fed. App'x 885, 886 (D.C. Cir. 2008) (internal quotations and citations omitted).

Furthermore, the factors listed in § 3553(a) are to be considered *during* sentencing. As previously discussed, § 3582 and its enumerated grounds for relief provide the only avenue for relief now available to Mr. Nori.[12] Similarly, the Court cannot reduce Mr. Nori's sentence based on his argument that the Court incorrectly considered the need to "to protect the public from further crimes of the defendant" at sentencing.[13] *See* Def.'s Suppl. at 1, ECF No. 35-1 (quoting 18 U.S.C. § 3553(a)(2)(C)). Section 3553(a)(2)(C), like § 3553(a)(6) does not provide a statutory mechanism for relief.

---

computer and also engaged in enticing conduct by bringing a stuffed animal for the purported child. Opp'n at 10, ECF No. 44.

[12] Mr. Nori may be confused in the difference between challenging a sentence through an appeal and through a § 3582 motion. The cases Mr. Nori cites occur primarily in the context of a direct appeal, where the appellate court performs a reasonableness analysis that may address the § 3553 factors, including disparities and the need to protect the public. *See, e.g.*, *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008) (explaining that appellate courts review district courts' sentences for reasonableness on appeal, and citing *Gall v. United States*, 552 U.S. 28 (2007)). Here, of course, Mr. Nori did not take an appeal, likely because he waived most appeal rights by accepting the plea bargain. *See* Plea Transcript 28:9–17, ECF No. 44-5, Ex. E; Plea Agreement at 7, ECF No. 16. As previously discussed, relief under § 3582 is limited to the three specific grounds enumerated in the statute. A sentencing disparity or the need to protect the public is not one of the three grounds.

[13] Furthermore, the sentencing transcript demonstrates that the Court considered the need to protect the public at length. *See generally* Sentencing Transcript 19–29, ECF No. 41. The Court noted that the mental health practitioner concluded that Mr. Nori posed "a moderate risk" to the public. Sentencing Transcript 20:8–10. The Court also questioned the conclusions of the mental health practitioner based on Mr. Nori's demonstrated willingness to take steps toward the completion of a sexual assault by driving to the rendezvous with the UC. Sentencing Transcript 20:12–17. The Court also noted that Mr. Nori "show[ed] little hesitation" and "jumped" at the "opportunity to engage in sex with what he believed was an 8-year-old girl being abused by her father." Sentencing Transcript 19:14–20.

Finally, Mr. Nori argues that his "[F]irst [A]mendment rights were infringed upon at [his] sentencing," on the grounds that the Court allegedly based his sentence on protected speech, specifically "comments . . . [Mr. Nori] made about [his] daughter."[14] Def.'s Suppl. at 2. As an initial matter, Mr. Nori presents no evidence that this Court based its sentence on Mr. Nori's speech. The Court mentioned Mr. Nori's daughter briefly at sentencing, once in response to Mr. Nori's counsel's statements about the effect of Mr. Nori's incarceration on his family, Sentencing Transcript 12:24–13:1, and once concerning potential conditions of supervised release (which are not at issue here), Sentencing Transcript 22:11–15. Furthermore, the Court explained its reasoning in detail—including the factors it *did* consider—on the record at the sentencing. *See* Sentencing Transcript 19–29.

Even if Mr. Nori could establish that the Court considered his speech in setting his sentence, "[t]he First Amendment, . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (citing *Haupt v. United States*, 330 U.S. 631 (1947)); *see also id.* at 486 ("[W]e emphasized that 'the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment.'" (quoting *Dawson v. Delaware*, 503 U.S. 159, 165 (1992))); *cf. United States v. Lemon*, 723 F.2d 922, 932 (D.C. Cir. 1983) ("The sentencing judge has wide discretion in imposing a sentence. The judge may 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" (quoting *Roberts v. United States*, 445 U.S. 552, 556,

---

[14] This appears to be a reference to the conduct described in the sealed affidavit to the statement of offense, available at ECF No. 21.

(1980))); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Mr. Nori has not established why any alleged use of his comments to assess the seriousness of the offense or the danger he presents to the community would be improper.

In short, § 3582 offers only three narrow avenues to reduce sentences of imprisonment. Because this case meets none of the three, the Court cannot reduce Mr. Nori's sentence and Mr. Nori's motion is denied.[15]

### B. Request to Remove Mr. Nori's Public Safety Factor

In addition, Mr. Nori requests that his "public safety factor be removed." Def.'s Suppl. at 2, ECF No. 35-1; *see also* Letter from Catherine A. Nori at 1 (Sept. 12, 2016), ECF No. 36 (requesting "that [Mr. Nori's] Public Safety Factor be removed from his sentence as promised when he agreed to plea[d] guilty to traveling into Washington, D[.]C."[16]). An inmate's public safety factor is a classification used by the Bureau of Prisons (BOP), not one set by this Court. Mr. Nori does not identify a cause of action that would permit him to challenge his public safety

---

[15] To the extent that Mr. Nori has also requested that the Court convert some of Mr. Nori's sentence of imprisonment to home confinement, Def.'s Suppl. at 2, "vacate[]" Mr. Nori's case, Def.'s Suppl. at 2, or convene a "new sentencing hearing," Suppl. Mot. & Req. Expedited Order at 5, ECF No. 38-1, these requests are denied for the same reasons.
The Court also denies Mr. Nori's request for "an 'Evidentiary Hearing' where he can provide evidence that was not before the court initially." Supplemental [sic] Mot. & Request Expidated [sic] Order at 5, ECF No. 34. Mr. Nori offers no authority which would permit this Court to hold an evidentiary hearing, and such a hearing would serve no purpose because, as previously discussed, the Court lacks jurisdiction to reduce Mr. Nori's sentence under § 3582.

[16] Contrary to the apparent implication, the plea offer and plea hearing make no reference to the public safety factor. *See generally* Plea Offer, ECF No. 16; Transcript of Plea Hearing, ECF No. 44-5, Ex. E. And at the plea hearing, Mr. Nori acknowledged that the written plea agreement contained the entire understanding he had with the government. Plea Transcript 21–22, ECF No. 44-5, Ex. E.

11

factor, and the Court is skeptical that one exists. *See, e.g.*, *Harrison v. Fed. Bureau of Prisons*, No. 16-819, 2017 WL 1231353, at *6 (D.D.C. Mar. 31, 2017) (rejecting an APA challenge to an inmate's public safety factor); *Perez v. Lappin*, 672 F. Supp. 2d 35 (D.D.C. 2009) (rejecting a due process and equal protection challenge to an inmate's public safety factor); *Rodriguez v. Bureau of Prisons*, No. 06-0034, 2007 WL 779057, at *1 (D.D.C. Mar. 8, 2007) (rejecting a Privacy Act challenge to an inmate's public safety factor). Furthermore, Mr. Nori does not dispute the government's assertion that "only the Administrator of the Designation and Sentence Computation Center (DSCC) is authorized to waive a Public Safety Factor." Opp'n at 10 n.7, ECF No. 44. This Court therefore denies relief concerning Mr. Nori's public safety factor.

### C. Motion for Documents

Mr. Nori filed a separate motion seeking access to various documents, in particular: (1) "guilty plea and transcripts; indictment; sentencing transcripts; letters from and to attorney regarding conditions or terms of plea," (2) "presentence report; objections to presentence report filed within the Court docket," (3) "[p]olice reports; FBI reports; arrest warrants and affidavits used to obtain the search warrant," and (4) "all material in the possession of the government." Def.'s *Pro Se* Request Sentencing Trans. (Mot. Docs.) at 1–2, ECF No. 42.

As to the documents described in (1) and (2), which relate to Mr. Nori's indictment, plea, and sentencing, it appears that Mr. Nori has already received these documents as attachments to the government's opposition to his motion. *See* Opp'n at 5 n.5 (stating that the government has "no objection" to Mr. Nori's request for a sentencing transcript, "indeed, the government is providing a copy of that transcript as one of the government's exhibits to its responsive pleading, which essentially renders that request moot"); *see also* ECF No. 44-2, Ex. B (information); ECF No. 44-3, Ex. C (plea offer); ECF No. 44-5, Ex. E (plea transcript); ECF No. 44-6, Ex. F

12

(sentencing transcript). Indeed, Mr. Nori's reply cites to the sentencing transcript and does not renew his request for any other documents. *See* Def.'s Reply at 2, ECF No. 46. The Court thus denies Mr. Nori's request for the documents described in (1) and (2) above as moot.

The documents described in (3) and (4) above do not appear to be in the docket of this court, but instead more akin to materials which might have been sought during the discovery phase of the original proceeding. Several obstacles prevent this Court from ordering their production now. First, other than the sentencing transcript, Mr. Nori offers no explanation of why he requires any of the other documents, nor the authority for this Court to order their production. *See generally* Mot. Docs. Furthermore, after the government provided some documents in its opposition, he cited to the provided documents in his reply without renewing his request for access to any other documents. *See* Def.'s Reply at 2. Second, as discussed above, the Court rejects Mr. Nori's substantive arguments because he does not demonstrate that he is entitled to relief under § 3582. Mr. Nori does not explain how any of these requested materials would assist him in showing one of the possible grounds for relief under § 3582. Nor is the Court able to think of such a theory itself. Finally, a § 3582 motion does not entitle Mr. Nori to re-take the discovery he may have been entitled to during his initial criminal proceeding when that discovery does not bear on any of his theories for post-conviction relief. *See United States v. Barbosa*, 347 F. App'x 746, 749 (3d Cir. 2009) ("The District Court also did not err in denying [defendant's] Fed. R. Crim. P. 16 discovery motion. . . . [the defendant's] trial has long since ended, and no direct or collateral challenges to his conviction are pending. That his § 3582(c)(2) motion is pending is of no consequence here, as the requested documents do not bear on whether amendments to the Guidelines warrant a reduction in his sentence."). Mr. Nori's motion for access to these documents is thus denied.

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's motion for a reduction to his sentence of imprisonment (ECF No. 35) is **DENIED** and Defendant's motion for transcripts (ECF No. 42) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 1, 2017                                                                    RUDOLPH CONTRERAS
                                                                                                                 United States District Judge